UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS, | CASE NO. 3:23-cv-05780-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| BUTTES HOMEOWNERS ASSOCIATION et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). For the reasons discussed below, pro se Plaintiff Tiffany Recinos fails to adequately plead federal subject matter jurisdiction. Ms. Recinos must accordingly show cause

ORDER TO SHOW CAUSE - 1

why the Court should not dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## I.  BACKGROUND

Ms. Recinos, who is proceeding *in forma pauperis* ("IFP"), initiated this action on August 29, 2023, alleging multiple repair and maintenance issues pertaining to her home and seeking a new home "with new landscaping and new septic." Dkt. No. 8 at 4–5 (capitalization altered and underlining omitted); *see also* Dkt. No. 7 (granting IFP motion). In her complaint, she names the following four Defendants: (1) Chance Kosko, "a citizen of the State of Washington," (2) Buttes Homeowner's Association, (3) Total Property Management, and (4) Insurance Commissioner Mike Kreidler; the latter three of which she alleges "are incorporated under the laws of the State of Washington and ha[ve their] principal place[s] of business in the State of Washington." Dkt. No. 8 at 2–3. Ms. Recinos, who alleges she is also a citizen of Washington, thus cites to federal question jurisdiction as the basis for the Court's subject matter jurisdiction. *Id.* at 3. Specifically, she asserts that "[t]he constitution protects property rights in the 4th, 5th, and 14th amendments." *Id.* (underlining omitted).

## II.  DISCUSSION

**A.    Ms. Recinos Fails to Plead Federal Question Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is thus "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting jurisdiction has the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Relevant here is 28 U.S.C.

§ 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

A plaintiff's action "arises" under federal law when a federal law creates a particular cause of action or the plaintiff requests relief under a state law that requires the interpretation of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1089 (cleaned up). In other words, for this Court to have subject matter jurisdiction over Ms. Recinos' complaint pursuant to Section 1331, she must allege a federal question on the face of her properly pleaded complaint—i.e., allege the federal law or question implicated by her factual allegations. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Although the Court must construe a pro se litigant's pleadings liberally, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), a plaintiff may not invoke the limited jurisdiction of federal courts "so simplistically" as to merely allege violations of the United States Constitution. *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992). In this case, Ms. Recinos' factual allegations directed at her HOA all relate to the repair and maintenance of her home and sound in state tort law. *See* Dkt. No. 1 at 4–5 (alleging, for example, that a "gas leak was allowed to continue for almost a year," which made her and her sons "sick," and that a structural beam of the home "has buckled from water damage" resulting in the "home's interior now need[ing] to be redone" (capitalization altered and underlining omitted)). Her vague and conclusory invocation of the Fourth, Fifth, and Fourteenth Amendments is therefore insufficient to demonstrate federal question jurisdiction. *See, e.g.*, *Thompson v. Reed*, No. 6:22-CV-00600-AA, 2023 WL 4686103, at *3 (D.

ORDER TO SHOW CAUSE - 3

Or. July 21, 2023) ("A plaintiff's bare citation to the Constitution and vague and conclusory allegations fail to establish the requisite subject matter jurisdiction[] under the well-pleaded complaint rule." (cleaned up)). Accordingly, Ms. Recinos' complaint falls short of establishing subject matter jurisdiction.

**B.   Ms. Recinos Fails to Plead Diversity Jurisdiction**

Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Because Ms. Recinos, a citizen of Washington, brings this action against Defendants who she alleges are also citizens of Washington, she also fails to establish subject matter jurisdiction under Section 1332.

### III.   CONCLUSION

For the foregoing reasons, Ms. Recinos is ORDERED TO SHOW CAUSE within 21 days of the date of this Order why this Court has subject matter jurisdiction over this case. Failure to do so will result in dismissal of this action without prejudice. Her response may not exceed 10 pages. Attachments or amended pleadings are not permitted. The Court defers ruling on Ms. Recinos' pending motions, Dkt. Nos. 12–14, and will take no further action in this case until she submits a response to this Order.

Dated this 15th day of September, 2023.

Lauren King
United States District Judge