UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>                    Plaintiff,<br>     v.<br><br>BUTTES HOMEOWNERS<br>ASSOCIATION et al.,<br><br>                    Defendants. | CASE NO. 3:23-cv-05780-LK<br><br>ORDER DISMISSING CASE<br>WITHOUT PREJUDICE AND<br>WITHOUT LEAVE TO AMEND |

    This matter comes before the Court following pro se Plaintiff Tiffany Recinos' response to the Court's September 15, 2023 Order to Show Cause. Dkt. Nos. 15–16. For the reasons stated herein, Ms. Recinos' complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    Ms. Recinos, who is proceeding *in forma pauperis* ("IFP"), initiated this action on August 29, 2023, alleging multiple repair and maintenance issues pertaining to her home and seeking a new home "with new landscaping and new septic." Dkt. No. 8 at 4–5 (capitalization altered and underlining omitted); *see also* Dkt. No. 7 (granting IFP motion). She has also filed a litany of

motions and other filings, the relevance of which are not clear to the Court. *See, e.g.*, Dkt. Nos. 10–13, 17–20.

On September 15, 2023, the Court ordered Ms. Recinos to show cause within 21 days why this Court has federal subject matter jurisdiction over this case based on the nature of her allegations. Dkt. No. 15 at 3–4. Ms. Recinos timely responded and appears to argue that the removal to federal court of two separate lawsuits she previously filed in state court constitutes a basis for federal jurisdiction in this case under Section 4.12.080 of the Revised Code of Washington. Dkt. No. 16 at 1–3 (citing *Recinos v. Wash. State Ins. Comm'r*, No. 3:23-CV-05097-BHS (W.D. Wash. Feb. 6, 2023) and *Recinos v. Wash. State Ins. Comm'r*, No. 3:23-CV-05098-DGE (W.D. Wash. Feb. 6, 2023)); *see also id.* at 6. However, notwithstanding that Section 4.12.080 addresses the proper venue in *state court* proceedings—and the fact the referred-to actions were removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which does not exist in this case—Ms. Recinos' response does not reveal a federal question on the face of her properly pleaded complaint.[1]

As the Court explained in its prior order, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is because federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Meaning, this Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *see* Dkt. No. 15 at 2–4 (setting forth the

---

[1] Ms. Recinos' citation to several seemingly overlapping cases filed in this district raises the additional concern that this action is comprised of wholly duplicative claims. *See id.* at 2–6; *Mizuno v. Wyndham Destinations, Inc.*, No. 21-00391-WRP, 2021 WL 4889823, at *2 (D. Haw. Sept. 28, 2021), *report and recommendation adopted*, 2021 WL 4889590 (D. Haw. Oct. 19, 2021). Nonetheless, even if Ms. Recinos' claims were not duplicative of the numerous other actions she has filed in this district, the Court would still conclude that it lacks jurisdiction over *this* dispute.

ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND - 2

relevant standards under 28 U.S.C. §§ 1331 and 1332). And as the Court noted, the party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

In this case, for the reasons expressed in the September 15 Order—which Ms. Recinos has failed to adequately rebut—Ms. Recinos fails to demonstrate federal question or diversity jurisdiction. *See, e.g.*, *Thompson v. Reed*, No. 6:22-CV-00600-AA, 2023 WL 4686103, at *3 (D. Or. July 21, 2023) ("A plaintiff's 'bare citation to the Constitution and vague and conclusory allegations fail to establish the requisite subject matter jurisdiction[]' under the well-pleaded complaint rule." (quoting *Denton v. Agents of Or.*, No. 3:12-CV-00022-HZ, 2012 WL 6617389, at *2 (D. Or. Dec. 19, 2012))).

Accordingly, this action is dismissed without prejudice for lack of subject matter jurisdiction and without leave to amend. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissal for lack of subject matter jurisdiction should be without prejudice); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (a court can sua sponte dismiss an action for lack of subject matter jurisdiction).

Ms. Recinos' motion to appoint counsel, Dkt. No. 14, is denied as moot, and the Clerk of Court is directed to terminate the remaining pending motions and to close this case, Dkt. Nos. 12, 13, 16, 18, and 20. Given Ms. Recinos' needless multiplication of matters in this case, *see* LCR 11(c), the Court will not consider future inappropriate filings from Ms. Recinos in this case, including but not limited to motions other than a motion for reconsideration or a Rule 60 motion.

Finally, the Court observes that Ms. Recinos has filed more than 20 lawsuits in this district since February of this year, and many are duplicative and/or have been dismissed for failure to state a claim:

| Case No. | Case name | Status |
|---|---|---|
| 2:23-cv-00791-MJP | Recinos v. Equal Employment Opportunity Commission | filed 05/26/23   closed 08/21/23 |
| 3:23-cv-05154-DGE | Recinos v. Maxim Healthcare Services Inc et al | filed 02/27/23   closed 05/30/23 |
| 3:23-cv-05155-RJB | Recinos v. Concerto Healthcare | filed 02/27/23   closed 05/31/23 |
| 3:23-cv-05183-TLF | Recinos v. Commissioner of Social Security | filed 03/07/23   closed 06/30/23 |
| 3:23-cv-05433-RSM | Recinos v. State of Washington et al | filed 05/11/23   closed 06/12/23 |
| 3:23-cv-05473-RSM | Recinos v. Board of Industrial Insurance Appeals et al | filed 05/24/23   closed 06/26/23 |
| 3:23-cv-05507-JNW | Recinos v. Wakenshaw | filed 06/05/23   closed 09/14/23 |
| 3:23-cv-05508-RJB | Recinos v. Kreidler | filed 06/05/23 |
| 3:23-cv-05546-RJB | Recinos v. Recinos et al | filed 06/16/23   closed 08/31/23 |
| 3:23-cv-05568-BHS | Recinos v. State of Washington et al | filed 06/27/23   closed 09/14/23 |
| 3:23-cv-05581-MJP | Recinos v. Child Protective Services et al | filed 06/29/23   closed 08/07/23 |
| 3:23-cv-05592-BHS | Recinos v. State of Washington et al | filed 07/01/23   closed 09/06/23 |
| 3:23-cv-05601-RJB | Recinos v. Mormon Church et al | filed 07/06/23   closed 09/18/23 |
| 3:23-cv-05612-JHC | Recinos v. Health Insurance Commissioner of Washington State et al | filed 07/09/23   closed 08/14/23 |
| 3:23-cv-05643-BHS | Recinos v. Chase Bank et al | filed 07/18/23   closed 09/07/23 |
| 3:23-cv-05713-DGE | Recinos v. Employment Security Department et al | filed 08/09/23 |
| 3:23-cv-05754-DGE | Recinos v. City of Tacoma et al | filed 08/22/23 |
| 3:23-cv-05762-DGE | Recinos v. Washington State Nursing Commission et al | filed 08/24/23 |
| 3:23-cv-05772-RJB | Recinos v. City of Orting et al | filed 08/26/23 |
| 3:23-cv-05780-LK | Recinos v. Buttes Homeowners Association et al | filed 08/29/23 |
| 3:23-cv-05791-DGE | Recinos v. Kreidler et al | filed 09/02/23 |
| 3:23-cv-05792-DGE | Recinos v. Recinos et al | filed 09/02/23 |

ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND - 4

The Court cautions Ms. Recinos that "[f]ederal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances," and frivolous or harassing filings can result in restricting a litigant's access to the courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a), after the litigant is provided notice and an opportunity to be heard. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014) (cleaned up).

Dated this 20th day of September, 2023.

*Lauren King*
Lauren King
United States District Judge