UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>                 Plaintiff,<br><br>   v.<br><br>BUTTES HOMEOWNERS ASSOCIATION et al.,<br><br>                Defendants. | CASE NO. 3:23-cv-05780-LK<br><br>ORDER DENYING MOTION FOR CLARIFICATION ON JURISDICTION |

       This matter comes before the Court on *pro se* Plaintiff Tiffany Recinos' Motion for Clarification on Jurisdiction. Dkt. No. 25. For the reasons stated herein, the Court denies Ms. Recinos' request.

       On September 20, 2023, the Court dismissed Ms. Recinos' claims without prejudice for lack of subject matter jurisdiction. Dkt. No. 21; *see also* Dkt. Nos. 15–16 (the Court's Order to Show Cause regarding subject matter jurisdiction and Ms. Recinos' response).

       Ms. Recinos now "seeks clarification on Original and Appellate JURISDICTION of this multifaceted case[.]" Dkt. No. 25 at 1. Specifically, she states that she "understands District

Court[s] to have Original Jurisdiction and the United States Supreme Court to have Appellate Jurisdiction," but notes that in this case, "[j]urisdiction was . . . denied in full[] at [the] District Court." *Id.* She asks the Court to "[p]lease [a]dvise." *Id.*

The Court, however, cannot give legal advice to *pro se* parties, except to recommend they seek the advice of an attorney. The United States Supreme Court has concluded that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," because requiring federal district judges to explain the details of federal procedure or act as a *pro se* litigant's counsel "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1365–66 (9th Cir. 1986) (noting that advising *pro se* litigants would make the court "a player in the adversary process rather than remaining its referee").

The Court therefore denies Ms. Recinos' motion for clarification, Dkt. No. 25, and recommends that Ms. Recinos seek the advice of an attorney and review this District's Pro Se Guide. *See* W.D. Wash., *Pro Se Guide to Filing Your Lawsuit in Federal Court* (revised September 2023), https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

The Court is also mindful of its obligation to liberally construe a *pro se* party's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]" (cleaned up)). Accordingly, to the extent Ms. Recinos' filing can be liberally construed as a motion for reconsideration, the Court denies this request as well.

Motions for reconsideration are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Furthermore, movants are required to "point out with specificity the

matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Here, Ms. Recinos does not provide any new law or facts that might justify reconsideration of the Court's prior order. Thus, to the extent Ms. Recinos' filing can be liberally construed as a motion for reconsideration of the Court's September 20, 2023 Order, the Court denies it.

Last, given Ms. Recinos' unrelated filings in this case after the Court dismissed this action and entered judgment, *see* Dkt. Nos. 23–24, and in light of the Court previously cautioning her against the needless multiplication of matters, *see* Dkt. No. 21 at 3 (citing LCR 11(c)), the Court reiterates that it will not consider future inappropriate filings from Ms. Recinos in this case, including but not limited to motions other than a motion for reconsideration or a Rule 60 motion.

Dated this 27th day of September, 2023.

*[signature: Lauren King]*

Lauren King
United States District Judge